**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**BILLY JACK GREENE,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1622** (BOR Appeal No. 2045923)
              (Claim No. 2009076732)

**MAGNUM COAL COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Billy Jack Greene, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Magnum Coal Company, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 3, 2011, in which the Board affirmed an April 20, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 26, 2009, Order granting Mr. Greene a 15% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 26, 2009, while working for Magnum Coal Company, Mr. Greene sustained injuries to his back and neck when the force of a large rock being dropped into the bed of his truck jolted him and caused him to strike his head on the glass. On July 22, 2009, Mr. Greene's claim was held compensable for neck strain and lumbar strain. The following conditions were not held compensable: lumbar disc displacement, lumbar spinal stenosis, cervical degeneration of disc, and spinal stenosis – cervical region. On April 23, 2009, Dr. Mukkamala performed an independent medical exam on Mr. Greene and reported that Mr. Greene had reached maximum medical improvement with 15% whole person impairment for this injury. Using the American

1

Medical Association's Guides to the Evaluation of Permanent Impairment, (4th Edition, 1993), Dr. Mukkamala evaluated Mr. Greene and then using Rule 20 adjusted the neck impairment to 8% and the lumbar spine impairment to 8%. On May 26, 2009, the claims administrator granted Mr. Greene a 15% permanent partial disability award based on Dr. Mukkamala's report.

On appeal, the Office of Judges found that Mr. Greene was entitled to a 15% permanent partial disability award. Mr. Greene argues that he is entitled to an additional 5% permanent partial disability award because Dr. Mukkamala and Dr. Bachwitt failed to acknowledge his radiculopathy as Dr. Guberman accounted for in his report and that Dr. Guberman's report is at least equal in evidentiary weight to any opposing evidence. Magnum Coal Company argues that Mr. Greene has been fully compensated for his 15% whole person impairment, and that Dr. Guberman evaluated the claimant for various conditions, which have not been held compensable.

On February 3, 2010, Dr. Guberman performed an independent medical exam on Mr. Greene and reported that based upon the American Medical Association's Guides, Mr. Greene has 20% whole person impairment for this injury including 2% impairment for radiculopathy. Dr. Guberman found 8% impairment in the cervical spine and 13% impairment in the lumbar spine. On August 9, 2010, Dr. Bachwitt performed an independent medical exam on Mr. Greene and reported that using the American Medical Association's Guides, he found 15% whole person impairment due to the compensable injury. Dr. Bachwitt found no evidence of radiculopathy.

The Office of Judges found that Dr. Bachwitt's report was more reliable, and that Mr. Greene had 15% whole person impairment due to his injury. The Office of Judges noted that Dr. Guberman considered conditions that were not compensable, and that the main difference between Dr. Guberman's report and those of Dr. Mukkamala and Dr. Bachwitt is that Dr. Guberman found radiculopathy. The Office of Judges found Dr. Mukkamala's rating not as credible as Dr. Bachwitt's rating, since Dr. Mukkamala found no rating attributable to Table 75 of the American Medical Association's Guides. The Office of Judges found that the preponderance of the evidence showed that Mr. Greene did not have a compensable radiculopathy condition, and that Mr. Greene was entitled to a 15% permanent partial disability award. The Board of Review reached the same reasoned conclusion in its decision of November 3, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum